IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,    Case No. 3:18-cr-00704-JGC

    Plaintiff

    v.    ORDER

John R. Garrett, III,

    Defendant.

Pending in this case is defendant's motion for compassionate release, (Doc. 45), which he has filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government has filed a response (Doc. 48).

For the reasons that follow, I deny the motion.

## Background

On April 27, 2020, defendant John R. Garrett, III pled guilty to one count of Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). (*See* Doc. 12).

Defendant sent videos of child pornography to an undercover agent and admitted that he viewed dozens of child pornography files and distributed at least ten child pornography videos. (Doc. 32, pgID 89-90). The National Center for Missing and Exploited Children traced 210 image files and 99 different series of child pornography to defendant. (*Id.*, pgID 91). Defendant also admitted that when he was twelve years old, he sexually molested his male cousin, and further, that he had inappropriate contact with his seventeen-year-old daughter and had naked images of her on his phone. (*Id.*).

On January 18, 2022, I sentenced defendant to 96 months in prison. Because he has been in custody since November 2, 2018, he has now served approximately four years of that eight-year sentence. (*Id.*, pgID 86).[1]

## Standard of Review

Modification of a sentence – which defendant seeks – is rigorously limited. *See generally*, *U.S. v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010); 18 U.S.C. § 3582(c). With regard to compassionate release, § 3582(c)(1)(A) only permits me to grant release after a prisoner's fully exhausting administrative rights or waiting thirty days after the warden's "receipt of [his] request." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A). Even then, I may modify a sentence only after consideration of applicable 18 U.S.C. § 3553(a) sentencing factors, and when I find that "extraordinary and compelling reasons warrant" my doing so. *Id.*

Under 18 U.S.C. § 3582(c)(1)(A)(i), I must also conclude that if released, "the defendant is not a danger to the safety of any other person or to the community" in accord with 18 U.S.C. § 3142(g).

## Discussion

1. Exhaustion of Administrative Remedies

Defendant asserts that he has exhausted his administrative remedies. (Doc. 45, pgID 1488-89). However, he provides no details as to how or when he did so.

---

[1] The government contends that defendant was arrested in May 2020 and has served only two years of his sentence. However, both the docket and presentence report show that he was arrested on November 2, 2018 and has been in custody since that date. (Doc. 32, pgID 86).

The government, on the other hand, submits an exhibit in which two attorneys for the Bureau of Prisons (BoP) confirm that defendant did not submit any requests for compassionate release, reduction in sentence, or any other administrative request. (Doc. 49, pgID 1502-03).

Defendant has the burden of showing that he qualifies for compassionate release, and this burden applies to each of the statute's requirements. *See United States v. Malone*, No. 1:15-CR-373-1, 2020 WL 3317240, at *4 (N.D. Ohio June 18, 2020) (Lioi, J.). The fact that he has not submitted any support for his assertion that he exhausted his administrative remedies is alone sufficient to deny his motion.

But the fact that the BoP has no record of him submitting any administrative requests is an even more compelling reason to deny his motion on this basis.

I therefore find that defendant has not carried his burden of establishing that he exhausted his administrative remedies or waited 30 days after the warden's receipt of his request to file this motion.

2. Extraordinary and Compelling Circumstances

Defendant further argues that the Covid-19 pandemic is an extraordinary and compelling circumstance warranting his early release. He claims that he has hypertension and chronic gastric issues, which place him at higher risk of contracting severe illness or even dying from Covid-19. Defendant adds that the facility in which he is housed, FCI Elkton, has not sufficiently managed the threat of Covid-19.

The government responds that defendant has submitted no evidence of his alleged chronic health issues. And even if he could prove that he had those health issues, defendant is vaccinated against Covid-19 and has already tested positive and recovered from the virus, demonstrating that he can sufficiently manage his health while incarcerated.

I agree with the government that defendant has not provided any support for his claim that he suffers from hypertension or chronic gastric issues. There is no mention of either condition in the almost 100 pages of medical records from the BoP. (Docs. 49-1, 49-2). In fact, several of the entries list hypertension as "denied." (Doc. 49-1, pgID 1522, 1528, 1553).

But even if defendant could show that he suffered from both of these conditions, he would still not be able to prove that "extraordinary and compelling reasons" warrant his release.

First, he has not shown that Covid-19 poses the kind of severe threat to his health that would be extraordinary and compelling. Defendant contracted Covid-19 while in custody, at some point in 2020. (*Id.*, pgID 1523). It appears that he made a full recovery, as he does not argue otherwise or point to any complications he suffered.

Further, defendant received the two-dose Moderna vaccine in April 2021. It is unclear whether defendant has received either of the booster shots, but his medical records from March 2022 note that he "wants [the] booster." I expect, then, that he has had the opportunity to obtain it by now.

Defendant is correct that the vaccines have not eliminated the threat of Covid, nor do they prevent everyone from being infected. So-called "breakthrough infections" have become relatively common. But defendant has failed to convince me that, considering the above circumstances, such an infection would put him at risk of severe illness or death.

Second, defendant has not shown that FCI Elkton is failing to sufficiently control the virus. Much of his briefing is dedicated to that facility's failures early on in the pandemic. He does not focus on the current state of affairs there, only stating that Covid "remains a management challenge that FCI Elkton struggles with." (Doc. 45, pgID 1486). That statement is conclusory and therefore does not prove that FCI Elkton's approach is inadequate.

4

In examining facility specific Covid data from the Bureau of Prisons, it appears that there are currently no confirmed Covid cases at FCI Elkton across both inmates and staff. *See* https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 15, 2022). There are 1,906 inmates at the facility. *See* https://www.bop.gov/locations/institutions/elk/ (last visited Dec. 15, 2022).

Such statistics certainly do not suggest that FCI Elkton is failing to control Covid within its walls. They likewise do not provide a basis on which defendant can argue that his circumstances are extraordinary and compelling.

I therefore find that defendant has failed to provide extraordinary and compelling reasons for his release.

3. Section 3553(a) Factors

Even if defendant had shown that he had exhausted his administrative remedies and extraordinary and compelling reasons supported release, I would still need to examine the sentencing factors under 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, individual and public deterrence, and the need to protect the public.

Defendant committed very serious offenses. He was convicted of possessing and distributing child pornography. The content of the materials that he either viewed or distributed is disturbing and included videos of adults raping prepubescent children and images depicting bondage of children, bestiality, and children in various stages of undress. (Doc. 32, pgID 89, 91).

Compounding the seriousness of those actions are defendant's own admissions that he molested his cousin and exhibited inappropriate conduct toward his daughter.

Defendant has served approximately four years of his eight-year sentence. Releasing defendant after he has only completed half of his sentence, and has not even served the mandatory minimum of five years, would not reflect the seriousness of his crimes.

Further, it would send a message to defendant and the public that the government does not carry out the sentences it imposes in child pornography, or other serious, cases. I already gave defendant a sentence below the Guideline range – releasing him at this point, less than one year after I sentenced him, could erode the individual and public deterrent effects of his sentence.

I must also consider my responsibility to protect the public. Defendant has engaged in inappropriate sexual behavior toward minors since a young age, at least since he molested his cousin when he was twelve years old. That means that this behavior has spanned a period of almost thirty years. Those entrenched behaviors are not easy to break, and I believe that I would be putting the public at risk if I were to release defendant now. This is especially so given that he, on several occasions, has refused to meaningfully participate in his sex offender management and treatment programs. (Doc. 49-1, pgID 1560-62). This occurred as recently as September 2022, around the time that defendant filed his motion for compassionate release.

Additionally, defendant's BoP records show that as of September 8, 2022, he was being investigated for assaulting a staff member. (*Id.*, pgID 1559). Such violent behavior while in custody does not give me confidence that defendant poses no risk to his community if released, where there is far less oversight of his actions.

While defendant argues that "[t]he goals of § 3553(a) have been satisfied," for the reasons stated above, I do not agree. (*See* Doc. 45, pgID 1488). I therefore find that the Section 3553(a) factors do not favor release.

Defendant has not convinced me that he has satisfied any of the three requirements for compassionate release. Accordingly, I deny his motion.

Conclusion

For the foregoing reasons, it is hereby

6

ORDERED THAT the defendant's Motion for Compassionate Release (Doc. 45) be, and the same hereby is, denied.

So ordered.

<u>James G. Carr</u><br>
Sr. U.S. District Judge